# Designation of Acting Associate Attorney General

Phil Perry, who has already been designated as the first assistant to the office of the Associate Attorney General by virtue of his appointment as the Principal Deputy Associate Attorney General, may, consistent with the Vacancies Reform Act of 1998, serve as the Acting Associate Attorney General even though he was not the first assistant when the vacancy occurred.

Because the President has not designated another person as the Acting Associate Attorney General under the Vacancies Reform Act, Mr. Perry, as the Principal Deputy, is required to perform the functions and duties of the office of the Associate Attorney General in an acting capacity.

August 7, 2001

MEMORANDUM OPINION FOR THE ASSOCIATE COUNSEL TO THE PRESIDENT

You have asked for our opinion whether Phil Perry, the Principal Deputy Associate Attorney General, can, consistent with the Vacancies Reform Act of 1998 ("the Act"),[1] serve as the Acting Associate Attorney General. For the reasons set forth more fully below, we conclude that unless the President designates another person as the Acting Associate Attorney General under the Act, Mr. Perry, as the Principal Deputy, is actually required to perform the functions and duties of the office of the Associate Attorney General in an acting capacity.

## I.

On January 20, 2001, Daniel Marcus, the Associate Attorney General resigned. Two days after the vacancy in the Associate Attorney General's office occurred, Mr. Perry arrived at the Department of Justice ("the Department") as part of the new administration's transition team. On July 16, 2001, Mr. Perry was officially appointed the Principal Deputy Associate Attorney General. As of this date, the President has not yet publicly announced who he intends to nominate as Associate Attorney General. It is our understanding, however, that the President intends to nominate someone other than Mr. Perry for the position.

## II.

The Act, which took effect on November 20, 1998, replaced the old Vacancies Act and altered the manner in which vacancies in presidentially appointed, Senate-confirmed offices within the Executive Branch could be "filled" on a temporary basis. Under the Act, any one of three categories of individuals is eligible to serve in such an office in an acting capacity:

---

[1] Pub. L. No. 105-277, § 151(b), 112 Stat. 2681-611 (1998) (codified at 5 U.S.C. §§ 3345-3349d (Supp. IV 1998)).

(a) If an officer of an Executive agency . . . whose appointment to office is required to be made by the President, by and with the advice and consent of the Senate, dies, resigns, or is otherwise unable to perform the functions and duties of the office—

    (1) the first assistant to the office of such officer shall perform the functions and duties of the office temporarily in an acting capacity subject to the time limitations of section 3346;

    (2) notwithstanding paragraph (1), the President (and only the President) may direct a person who serves in an office for which appointment is required to be made by the President, by and with the advice and consent of the Senate, to perform the functions and duties of the vacant office temporarily in an acting capacity subject to the time limitations of section 3346; or

    (3) notwithstanding paragraph (1), the President (and only the President) may direct an officer or employee of such Executive agency to perform the functions and duties of the vacant office temporarily in an acting capacity, subject to the time limitations of section 3346, if—

        (A) during the 365-day period preceding the date of death, resignation, or beginning of inability to serve of the applicable officer, the officer or employee served in a position in such agency for not less than 90 days; and

        (B) the rate of pay for the position described under subparagraph (A) is equal to or greater than the minimum rate of pay payable for a position at GS-15 of the General Schedule.

5 U.S.C. § 3345(a). Only the first of those categories is relevant in this case.[2] Moreover, unlike the other two categories, which require presidential action, that category is triggered automatically once a vacancy is created; the Act provides in relevant part that "the first assistant to the office of [the officer who resigned] *shall* perform the functions and duties of the office temporarily in an acting capacity." *Id*. § 3345(a)(1) (emphasis added).

---

[2] Mr. Perry does not currently serve in an office for which appointment is required to be made by the President, by and with the advice and consent of the Senate, *see* 5 U.S.C. § 3345(a)(2), and he did not previously serve in the Department (for any period of time, much less the required 90 days) during the 365-day period preceding the resignation of Mr. Marcus, *see id*. § 3345(a)(3)(A). Accordingly, only 5 U.S.C. § 3345(a)(1) is at issue in this case.

### III.

As a threshold matter, we must determine whether the Principal Deputy Associate Attorney General is, for purposes of the Act, the "first assistant" to the Associate Attorney General. The Act itself does not define "first assistant." We believe, however, that the phrase is a term of art that refers to the top deputy of a presidentially appointed, Senate-confirmed officer. Under this interpretation, the Principal Deputy would generally qualify as the "first assistant." In any event, this Office has taken the position previously that designation of a first assistant by regulation, if an agency's governing statute does not do so, is sufficient under the Act. *See Guidance on Application of Federal Vacancies Reform Act of 1998*, 23 Op. O.L.C. 60 (1999) ("*VRA Guidance*"). Under Justice Department regulations, the "Principal Deputy" within an office run by a presidentially appointed, Senate-confirmed officer is the "First Assistant" for purposes of the Act. *See* 28 C.F.R. § 0.132 (2000).[3] Accordingly, we conclude that Mr. Perry is the "first assistant" to the Associate Attorney General for purposes of section 3345(a)(1).

Next, we must ascertain the scope of section 3345(a)(1). In particular, we must determine whether subsection (a)(1) applies to someone who, like Mr. Perry, was designated as first assistant after the vacancy occurred. In a memorandum—prepared in question and answer format—intended to provide agency general counsels with general guidance on the Act, this Office tentatively answered that very question:

> Q13. If someone is designated to be first assistant after the vacancy occurs, does that person still become the acting officer by virtue of being the first assistant?
>
> A. While the Vacancies Reform Act does not expressly address this question, we believe that the better understanding is that you must be the first assistant when the vacancy occurs in order to be the acting officer by virtue of being the first assistant.

*VRA Guidance*, 23 Op. O.L.C. at 63-64. As the brevity of our answer makes clear, we did not thoroughly consider (or definitively resolve) the issue. Indeed, our initial understanding was offered without explanation or, more importantly, any analysis of the Act's text or structure. Having now specifically considered the question in light of both the Act's text and structure, we conclude that our initial understanding was erroneous.

First, the Act expressly applies to "the first assistant *to the office* of [the officer who resigned]." 5 U.S.C. § 3345(a)(1) (emphasis added). In concluding that the

---

[3] If no principal deputy position exists in an office, then the Attorney General may designate the first assistant in writing. *See* 28 C.F.R. § 0.132.

first assistant must be in place at the time of the vacancy, we necessarily construed the Act as applying to "the first assistant of [the officer who resigned]." Such a reading, however, renders the words "to the office" meaningless. *See Moskal v. United States*, 498 U.S. 103, 109-10 (1990) (stressing that a statute must be construed in such a fashion that gives every word some operative effect). This is particularly troublesome given that the Act specifically modified the old Vacancies Act by replacing the phrase "to the officer" with the phrase "to the office." *See* 144 Cong. Rec. S12,822 (daily ed. Oct. 21, 1998) (statement of Sen. Thompson) (noting that the term "to the officer" had been part of the old Vacancies Act since 1868). Under the most natural reading of the Act, an individual need only be the first assistant to the office of the presidentially appointed, Senate-confirmed officer who resigned. And, unlike our initial interpretation, such a reading does not require that the first assistant be in place at the time the vacancy occurred to be the acting officer by virtue of being the first assistant.

Second, our initial interpretation of subsection (a)(1), if correct, would also render subsection (b)(1)(A)(i) superfluous. *See Freytag v. Comm'r*, 501 U.S. 868, 877 (1991) (stressing that courts should not interpret statutory provisions so as to render superfluous other provisions within the same enactment). Notwithstanding subsection (a)(1), subsection (b)(1) places several obstacles in the way of a first assistant from serving as an acting officer if the President submits the nomination of that person to the Senate for appointment to the office in question.[4] One of the obstacles set forth in subsection (b)(1) provides, in pertinent part, as follows:

> if . . . during the 365-day period preceding the date of the death, resignation, or beginning of inability to serve, such person . . . did not serve in the position of first assistant to the office of such officer.

5 U.S.C. § 3345(b)(1)(A)(i). In other words, an individual who was not the first assistant during the 365-day period preceding the vacancy may not serve in an acting capacity if the President has also nominated that person to the Senate for appointment to the vacant position. Of course, Congress's enactment of subsection (b)(1)(A)(i) was meaningless if an individual who was not the first assistant when the vacancy occurred is already flatly prohibited from serving in an acting capacity pursuant to subsection (a)(1), as we previously concluded. Indeed, the enactment of subsection (b)(1)(A)(i) was necessary *only* if an individual who becomes first assistant after a vacancy occurs could otherwise serve in an acting capacity pursuant to subsection (a)(1). If subsection (b)(1)(A)(i) is to be given operative effect, which it must, our initial understanding of subsection (a)(1) must give way. *Cf.* 2A Norman Singer, *Sutherland on Statutes and Statutory Construction* § 46.06,

---

[4] Because the President intends to nominate a person other than Mr. Perry to the office of the Associate Attorney General, these obstacles to service do not apply to him.

at 181-86 (6th ed. 2000) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . .") (footnote omitted).

Given the Act's text and structure, we now believe that the better understanding is that an individual need not be the first assistant when the vacancy occurs in order to be the acting officer by virtue of being the first assistant. Accordingly, Mr. Perry, who has already been designated as the first assistant to the office of the Associate Attorney General by virtue of his appointment as the Principal Deputy, may serve as the Acting Associate Attorney General even though he was not the first assistant when the vacancy occurred.[5] Moreover, because the President has not designated another person as the Acting Associate Attorney General under the Act, Mr. Perry, as the Principal Deputy, is required to perform the functions and duties of the office of the Associate Attorney General in an acting capacity.

SHELDON BRADSHAW
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[5] We note that the Act imposes time limits on service in an acting capacity. An acting officer may serve "for no longer than 210 days beginning on the date the vacancy occurs." 5 U.S.C. § 3346(a)(1). If the vacancy exists during the 60-day period after a President is sworn into office, the 210-day clock is extended an additional 90 days. *Id*. § 3349a(b). Accordingly, because the vacancy in this case occurred on January 20, 2001, Mr. Perry may serve under this provision at least until November 16, 2001. In addition, once a nomination for the office is submitted to the Senate, the acting officer may serve "from the date of such nomination for the period that the nomination is pending in the Senate." *Id*. § 3346(a)(2). The Act specifies the applicable term of service should the nomination be rejected, withdrawn, or returned. *Id*. § 3346(b).